UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GARRETT PIERCE,<br><br>             Plaintiff,<br><br>        v.<br><br>CITY OF BERKELEY, et al.,<br><br>             Defendants. | Case No. 25-cv-10410-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 13 |

**INTRODUCTION**

The plaintiff, who is representing himself and proceeding in forma pauperis, alleges claims stemming from a traffic incident on November 26, 2023, where he was struck by a dirt bike. He asserts that the responding officer (Officer Bustamante) was hostile towards him, refused to obtain his side of the story, misrepresented what happened in his report, and "forcefully" grabbed the plaintiff's arm. In March 2024, the plaintiff sought an internal investigation of Officer Bustamante's conduct (including excessive force) with the Office of the Director of Police Accountability (ODPA), which issued findings confirming portions of the allegations and referred the matter to the Berkeley Police Internal Affairs. In October 2024, Internal Affairs issued a determination letter signed by Chief Jennifer Louis that omitted the plaintiff's excessive-force allegations and determined that the remaining allegations were unfounded without explaining why the ODPA's findings were adopted.

ORDER – No. 25-cv-10410-LB

On December 4, 2025, the plaintiff filed a complaint against the City of Berkeley, Officer Bustamante, and Chief Jennifer Louis with twenty-nine claims, including Fourth Amendment violations for excessive force, unreasonable seizure, and denial of medical care (claims one, two, and three), due process violations under the Fourteenth Amendment for failure to investigate or preserve evidence from the traffic incident, fabricating evidence, bad-faith investigations, reputational harm, and denial of access to the courts (claims four, five, six, seven, ten, eleven, fourteen, and fifteen), violations of the equal-protection clause (claim eight), First Amendment retaliation (claim nine), *Monell* and supervisory liability (claims twelve, thirteen, and seventeen), a claim for declaratory relief (claim sixteen), and various state-law claims (claims eighteen through twenty-nine).

The defendants moved to dismiss, asserting that (1) the federal claims are time-barred because the plaintiff filed the complaint over a week after the two-year statute of limitations, (2) the plaintiff has not pleaded plausible federal claims because his allegations are conclusory and threadbare and there is no constitutional right to an internal investigation, and (3) the state claims are barred for failing to comply with the California Government Claims Act's six-month claim-presentation requirement. The plaintiff counters that (1) the statute of limitations was tolled by his pursuing the internal investigation with the ODPA and Internal Affairs, (2) his claims related to the internal investigation accrued separately from the traffic-incident claims, (3) his pleadings are sufficient, and (4) he can establish tolling for the Government Claims Act.

The court grants the motion. While the plaintiff's pursing the internal investigation tolled the statute of limitations for the federal claims, his due-process claims are dismissed because he does not have a constitutionally protected interest in an incident report or internal investigation, his Fourth Amendment and equal-protection claims lack sufficient detail to be plausibly pleaded, his *Monell* and supervisory-liability claims lack underlying constitutional violations, and his state-law claims are barred for failing to comply with the Government Claims Act. The due-process, declaratory-relief, and state-law claims are dismissed with prejudice because amendment would be futile. The plaintiff may file a supplement to his complaint (rather than an amended complaint) addressing the deficiencies identified in the order by March 16, 2026.

**STATEMENT**

On November 26, 2023, the plaintiff was involved in a traffic collision with a dirt bike in Berkeley, California, where he sustained injuries to his arm, wrist, and shoulder and experienced disorientation and trauma.[1] Officer Bustamante responded at the scene and "displayed hostility, impatience, and an adversarial demeanor" towards the plaintiff and failed to inquire about his injuries, summon medical aid, or document his injuries.[2] The plaintiff was left without medical aid despite being visibly distressed and requesting help.[3] Officer Bustamante's demeanor and conduct "communicated bias, irritation, and disregard for the plaintiff's safety, medical needs, and rights," and he misstated and omitted facts in his incident report by excluding witness details, misrepresenting the sequence of events, and failing to document the plaintiff's injuries and requests for help.[4] The plaintiff states that he "engaged in protected speech when asserting his rights, asking questions, and seeking accountability."[5]

During one of their interactions, Officer Bustamante grabbed the plaintiff's arm "forcefully" and continued to hold on after the plaintiff said, "stop," which was "long enough to cause pain, fear, and humiliation."[6] The plaintiff stated in his pleadings that "a reasonable person would not have felt free to leave under the circumstances," the "seizure was objectively unreasonable and violated [his] Fourth Amendment rights," and that he was "treated differently than similarly situated individuals" "based on perceived race, ethnicity, or gender."[7]

In March 2024, the plaintiff reported Officer Bustamante's conduct to the ODPA, alleging excessive force, failure to provide medical care, improper and incomplete investigation,

---

[1] First Amended Compl. (FAC) – ECF No. 7 at 5 (¶ 3.1.1). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 6 (¶¶ 3.1.3–.5).

[3] *Id.* (¶ 3.1.6).

[4] *Id.* at 6 (¶ 3.1.9), 7 (¶¶ 3.2.1–.3).

[5] *Id.* at 21 (¶ 5.9.1).

[6] *Id.* at 6 (¶¶ 3.1.10–.11).

[7] *Id.* at 17–18 (¶¶ 5.2.2, 5.2.4), 20 (¶¶ 5.8.1–.2).

ORDER – No. 25-cv-10410-LB                    3

United States District Court
Northern District of California

discourtesy, discrimination, and falsification of the police report.[8] The ODPA conducted an investigation, issued findings confirming portions of the plaintiff's allegations, and referred the matter to the Berkeley Police Internal Affairs for further review.[9]

On October 1, 2024, Internal Affairs issued a formal determination letter, signed by Chief Jennifer Louis, classifying the allegations of discourtesy and improper or inadequate investigations as being "exonerated" and allegations of discrimination, abusive language, and failure to provide information as "unfounded."[10] The allegations for excessive force and improper use of force were not assessed in the letter, and it provided no explanation for why the ODPA's findings were not adopted, why allegations of improper use of force were removed, or why the scope of the investigation was narrowed.[11] The plaintiff states that Chief Louis and Doe supervisors knew or should have known about patterns of misconduct and failed to intervene.[12]

The parties consented to magistrate-judge jurisdiction. 28 U.S.C. § 636(c)(1). The court can decide the motion without oral argument. Civil L.R. 7-1(b).

## LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It may fail by lacking a cognizable legal theory or sufficient facts under one. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts factual allegations as true and construes them favorable to plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). But allegations must state a plausible claim. *Twombly*, 550 U.S. at 570. Threadbare recital of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*,

---

[8] *Id.* at 8 (¶¶ 3.3.1–.2).

[9] *Id.* (¶¶ 3.3.4–.5).

[10] *Id.* at 8–9 (¶¶ 3.4.1–.9).

[11] *Id.* at 9 (¶¶ 3.4.4–.7).

[12] *Id.* at 22 (¶ 5.13.2–.3).

556 U.S. 662, 678 (2009).

## ANALYSIS

The order addresses the following issues: whether the federal claims are time-barred by the statute of limitations, whether the plaintiff has pleaded plausible federal claims, and whether the state claims are barred for failure to meet the six-month presentation requirement for the Government Claims Act. For the reasons stated below, the federal claims are not time-barred, the plaintiff has not pleaded plausible federal claims, and the state claims are barred for failure to comply with the Government Claims Act.

### 1. Statute of Limitations

The plaintiff's case implicates the statute of limitations because he filed his complaint on December 4, 2025, with claims based on a traffic incident occurring over two years prior on November 26, 2023, and claims based on an internal investigation of the incident involving findings from the ODPA after March 2024 and a determination letter from Internal Affairs in October 2024.[13] The parties do not dispute that California's two-year statute of limitations for personal injury actions applies. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (citing Cal. Civ. P. Code § 335.1). A claim may be dismissed pursuant to a statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

There are three issues for determining whether any of the plaintiff's claims are time-barred: (1) whether the claims based on the 2024 internal investigation accrued separately from the November 2023 traffic-incident claims, (2) whether the claims constitute a continuing violation allowing the plaintiff to bring claims for conduct that occurred outside the statute of limitations, and (3) whether any claims that accrued in November 2023 qualify for equitable tolling.

---

[13] *Id.* at 5, 7–8.

For accrual, the defendants contend that the internal-investigation claims are effects from the traffic incident that accrued in November 2023.[14] The plaintiff responds that the internal-investigation claims are separate injuries that accrued in 2024.[15] The plaintiff is correct.

Federal law determines when a cause of action accrues, and the statute of limitations begins to run, in a § 1983 action. *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) (though federal courts often refer to common-law tort principles when deciding questions of accrual, such principles are meant to guide rather than control the definition of § 1983 claims); *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (per curiam); *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).

Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999). As a general matter, the statute of limitations begins to run when the plaintiff has a "complete and present cause of action." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (cleaned up).

To determine when a plaintiff has a complete and present cause of action, federal courts focus first on the specific constitutional right alleged to have been infringed. *McDonough*, 139 S. Ct. at 2155. Thus, accrual ultimately depends on the substantive basis of the claim. *See, e.g.*, *Belanus*, 796 F.3d at 1026 (cause of action for illegal search and seizure accrues when the wrongful act occurs, even if person does not know at that time the search was warrantless); *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015) (a claim for deliberate fabrication of evidence accrues when the charges are fully and finally resolved and can no longer be brought against the defendant; here, the acquittal at the retrial).

Here, the claims accrued separately because the traffic-incident claims primarily are based on the Fourth Amendment, and the internal-investigation claims primarily are based on the due-process clause of the Fourteenth Amendment. Also, the plaintiff could not have had a reason to

---

[14] Reply – ECF No. 16 at 8–10.

[15] Opp'n – ECF No. 15 at 3.

ORDER – No. 25-cv-10410-LB                6

know about claims based on the internal investigation until after it finished. Thus, only the traffic-incident claims (filed over two years and one week after the incident) were filed past the statute of limitations.

The next issue is whether the plaintiff's traffic-incident claims are saved from the statute of limitations by the continuing-violations doctrine, which allows a plaintiff to seek relief for actions that occurred outside the limitations period in narrow circumstances. *See Bird*, 935 F.3d at 746. It may apply when a plaintiff alleges either "a series of related acts, one or more of which falls within the limitations period," or "the maintenance of a discriminatory system both before and during [the limitations] period." *Id.* (cleaned up). As a practical matter, "little remains of the continuing violations doctrine" after the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *Bird*, 935 F.3d at 748. "Except for a limited exception for hostile work environment claims — not at issue here — the serial acts branch is virtually non-existent." *Id.* Courts have "consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred." *Id.*

Neither branch of the continuing violations doctrine applies. The plaintiff's claims do not involve a hostile work environment or similar conduct that would constitute a series of related acts, and the systemic branch does not rescue his individualized claims because he has not plausibly pleaded a discriminatory system.[16]

The remaining issue then is whether equitable tolling applies to the traffic-incident claims.

The plaintiff contends that his pursuit of an alternative remedy through an internal investigation with the City tolled the statute of limitations.[17] The defendants assert that equitable tolling does not apply because internal investigations generally do not toll the statute of limitations and the plaintiff has not alleged diligence or extraordinary circumstances warranting tolling.[18] Equitable tolling applies.

---

[16] *See infra* § 6, *Monell* and Supervisory Claims.

[17] Opp'n – ECF No. 15 at 4.

[18] Reply – ECF No. 16 at 10–13.

United States District Court
Northern District of California

Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002); *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009). California's equitable tolling rules apply. *Azer*, 306 F.3d at 936. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). Equitable tolling is appropriate in a later action when an earlier action was filed and where the record shows: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137–38 (9th Cir. 2001) (en banc) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)).

The plaintiff meets all the requirements for tolling by pursuing relief with an alternative forum: the defendants had timely notice of the claims because the internal investigation was through the ODPA and Internal Affairs and performed before the end of the statute of limitations, there appears to be no prejudice to the defendants (they cite none), and there is no evidence of bad faith by the plaintiff. While the defendants assert that courts have "repeatedly rejected" the invocation of equitable tolling based on "voluntary or non-mandatory internal investigations," the cases they cite are distinguishable.[19] The internal investigation in *65 Butterfield v. Chicago Title Insurance Co.* was "immaterial" to the court's analysis because it occurred after the statute of limitations had already run, unlike the ODPA and Internal Affairs investigations in this case. 70 Cal. App. 4th 1047, 1062 (1999). The court in *Acuna v. San Diego Gas & Electric Co.* stated that "informal negotiations or discussions between an employer and employee," but the defendants provide no authority extending that rule to investigations run by state actors reviewing alleged constitutional violations. 217 Cal. App. 4th 1402, 1416 (2013).

---

[19] *Id.* at 10–11.

The statute of limitations is tolled for the traffic-incident claims, and therefore, the claims are not time-barred.

### 2. Fourth Amendment Claims (Claims One, Two, and Three)

The plaintiff asserts Fourth Amendment claims for excessive force, unreasonable seizure, and failure to give medical aid.

The defendants contend that the plaintiff has not pleaded plausible claims for excessive force or unreasonable seizure because the complaint does not provide (1) sufficient detail about the nature and extent of the plaintiff's injuries, (2) the content of the plaintiff's statements at the traffic incident, (3) facts suggesting that Officer Bustamante purposefully restrained the plaintiff, or (4) the circumstances surrounding the arm grab, including the duration or degree of force.[20] The plaintiff responds that (1) his allegations are sufficient, (2) these issues are fact-intensive and cannot be resolved at the pleadings stage, (3) seizures can occur with minimal contact, and (4) the court must accept his description of force and its effects.[21]

The plaintiff has not pleaded plausible claims of unlawful seizure or excessive force.

The general rule is that "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. McClendon*, 713 F.3d 1211, 1215 (9th Cir. 2013) (quoting *United States v. Medenhall*, 446 U.S. 544, 554 (1980)). A seizure occurs only when the police terminate an individual's freedom of movement through means intentionally applied. *United States v. Al Nasser*, 555 F.3d 722, 728 (9th Cir. 2009) (citing *Brower v. County of Inyo*, 489 U.S. 593, 596–97 (1988)). The appropriate inquiry is whether the challenged conduct objectively manifests an intent to restrain. *Torres v. Madrid*, 141 S. Ct. 989, 998 (2021) (noting that while a mere touch can be enough for a seizure, amount of force remains relevant and therefore tap on shoulder for attention will rarely manifest intent to restrain). Whether

---

[20] Mot. – ECF No. 13 at 20–21, 23–24.

[21] Opp'n – ECF No. 15 at 5–6.

United States District Court
Northern District of California

there has been a seizure generally does not turn on the subjective intent of the police officer or the subjective perceptions of the seized persons. *Id.* at 999.

"Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (cleaned up). A court must evaluate "the facts and circumstances of each particular case, including [(1)] the severity of the crime at issue, [(2)] whether the suspect poses an immediate threat to the safety of the officers or others, and [(3)] whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* The *Graham* factors are not exhaustive. *George v. Morris*, 736 F.3d 829, 837–38 (9th Cir. 2013). Because "there are no per se rules in the Fourth Amendment excessive force context," *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011), courts must "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case, whether or not listed in *Graham*," *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (cleaned up).

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id.* (cleaned up). This is because "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation." *Id.* at 396–97.

On this record, the plaintiff has not pleaded a plausible excessive-force claim. He pleaded that Officer Bustamante grabbed his arm forcefully without justification or consent and that when the plaintiff asked him to stop, he "continued the physical contact long enough to cause pain, fear, and humiliation."[22] What is missing are details about the circumstances of the encounter: the duration of the hold or what either party said or did to one another before, during, or after the incident.

---

[22] FAC – ECF No. 7 at 6 (¶¶ 3.1.10–.11).

While all reasonable inferences are drawn in the plaintiff's favor, he still must provide sufficient facts to support an inference and cannot rely on conclusions. Without additional context, Officer Bustamante's grabbing the plaintiff's arm forcefully alone does not support a plausible excessive-force claim.

For the unreasonable-seizure claim, the plaintiff's pleading that "a reasonable person would not have felt free to leave under the circumstances" and that the "seizure was objectively unreasonable and violated the Plaintiff's Fourth Amendment rights" are conclusions.[23] The plaintiff must instead plead facts showing that an objectively reasonable person would not have believed he was free to leave. For the same reasons as above, he has not done so.

That leaves the medical-aid claim. The City asserts that the claim fails because the plaintiff pleaded no facts showing that Officer Bustamante was aware of the plaintiff's injuries or that Officer Bustamante had a duty to render aid.[24] The plaintiff responds that allegations that he was visibly injured, communicated his pain, and was ignored support a plausible claim and that, even if not, discovery is required to assess the reasonableness of Officer Bustamante's actions at this stage.[25] The claim fails for a lack of duty.

Police officers, like regular citizens, have no duty to come to the aid of another. *Camp v. State of California*, 184 Cal. App. 4th 967, 975 (2010) (citing *Williams v. State of California*, 34 Cal. 3d 18, 23 (1983)). An officer may create a special relationship that generates a duty of care by taking actions that increase the risk of harm to another or through detrimental reliance on an officer's statements or conduct. *Id.* at 975–77. A special relationship is not established "simply because [an officer] responded to a call for assistance and took some action at the scene" or because "law enforcements took control of the situation." *Id.* at 977 (cleaned up).

---

[23] *Id.* at 17–18 (¶¶ 5.2.2, 5.2.4).

[24] Mot. – ECF No. 13 at 24.

[25] Opp'n – ECF No. 15 at 7–8.

Here, the complaint says that Officer Bustamante arrived at the scene, interviewed those involved, and made a report, none of which would trigger a duty of care. The medical-aid claim is dismissed.

### 3.  Due Process (Claims Four, Five, Six, Seven, Ten, Eleven, Fourteen, and Fifteen)

The plaintiff's due-process claims are based on allegations that Officer Bustamante fabricated evidence by distorting facts in his report, subsequent bad-faith investigations into his conduct that concealed the alleged violations, a failure to preserve evidence, the resulting stigma to the plaintiff, and denial of access to courts. The defendants contend that the plaintiff failed to plead plausible claims because he does not have a protected interest in the accuracy of the reports.[26] The plaintiff responds that he has pleaded sufficient claims and that, at the least, he is entitled to discovery.[27]

A due-process claim requires that the plaintiff have a liberty or property interest protected by the Constitution. *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022). There is no constitutional right to an accurate or favorable accident report or internal investigation. *Powers v. Layton*, No. 21-cv-06382-AGT, 2022 WL 3579887, at *2 (N.D. Cal. Aug. 19, 2022); *Chang v. Beauchamp*, No. 19-cv-07068-JSW, 2021 WL 667498, at *3 (N.D. Cal. Jan. 19, 2021) ("Plaintiff does not have a constitutionally protected right to a favorable accident report or the outcome of CHP's internal investigation."); *Best v. Sonoma Cnty. Sheriffs Dep't*, No. 19-cv-02252-YGR, 2020 WL 5517192, at *6 (N.D. Cal. Sept. 14, 2020) ("Failure to conduct an internal affairs investigation or properly investigate complaints against law enforcement do not amount to a violation of the due process clause of the Fourteenth Amendment.").

The plaintiff lacks a protected interest in the traffic-incident report or the City's internal investigation, and without a protected interest, his due-process claims fail. Because amendment would not change this fact, the court dismisses the plaintiff's due process claims (claims four, five, six, seven, ten, eleven, fourteen, and fifteen) with prejudice.

---

[26] Mot. – ECF No. 13 at 25–26

[27] Opp'n – ECF No. 15 at 8.

### 4. Equal Protection (Claim Eight)

The defendants contend that the plaintiff's equal protection claim fails because he did not plead membership in a protected group.[28] The plaintiff responds that he sufficiently alleged that he was treated differently than similarly situated individuals.[29]

A plaintiff alleging denial of equal protection under § 1983 based on race or another suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

The plaintiff pleaded that he was "treated differently than similarly situated individuals" "based on perceived race, ethnicity, or gender."[30] These are conclusions that fail to identify his membership in a protected group or facts suggesting that Officer Bustamante was motivated by a protected group. The equal-protection claim is dismissed.

### 5. First Amendment (Claim Nine)

The City contends that the plaintiff's First Amendment retaliation claim fails because he did not identify any protected speech or how it was a motivating factor in the alleged retaliation.[31] The plaintiff responds that he engaged in protected speech by questioning Officer Bustamante's conduct, asserting his rights during the encounter, and filing administrative complaints.[32]

"To establish a claim for retaliatory violation of the First Amendment, [a plaintiff] must show (1) that he was engaged in a constitutionally protected activity; (2) that [the defendant's] actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and

---

[28] Mot. – ECF No. 13 at 27.

[29] Opp'n – ECF No. 15 at 10.

[30] FAC – ECF No. 7 at 20 (¶¶ 5.8.1–.2).

[31] Mot. – ECF No. 13 at 28.

[32] Opp'n – ECF No. 15 at 11.

(3) that the protected activity was a substantial or motivating factor in [the defendant] conduct." *Sanderlin v. Dwyer*, 116 F.4th 905, 910–11 (9th Cir. 2024) (cleaned up). Filing complaints and speaking out about government officials are protected conduct under the First Amendment. *See Sampson v. County of Los Angeles*, 974 F.3d 1012, 1020–21 (9th Cir. 2020).

The plaintiff pleaded that he "engaged in protected speech when asserting his rights, asking questions, and seeking accountability."[33] It is a reasonable inference that the plaintiff meant to include his ODPA complaint in "seeking accountability," which is protected conduct. But the complaint does not allege how the plaintiff's actions were a substantial motivation in Officer Bustamante's alleged retaliatory conduct or whether he alleges that one of the other defendants retaliated against him. *Gibson v. City of Portland*, __ F.4th __, 2026 WL 235118, at *16 (9th Cir. 2026) ("shotgun" pleadings asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" violate Rule 8). Thus, the plaintiff's First Amendment claim is dismissed. Any supplement by the plaintiff should clarify what statements he made to the defendants and how those statements were a substantial or motivating factor for retaliation by a specific defendant.

### 6. *Monell* and Supervisory Liability (Claims Twelve, Thirteen, and Seventeen)

The plaintiff has not pleaded plausible *Monell* or supervisory liability claims.

The City asserts that the plaintiff's *Monell* claims fail because he has not plausibly alleged an underlying constitutional violation or identified either a deliberate decision by the City not to train its employees or a longstanding policy, practice, or custom.[34] The plaintiff counters that he need not identify a written policy at this stage and that his allegations of a pattern and practice of misbehavior by the Berkeley Police Department satisfies his burden.[35]

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy

---

[33] FAC – ECF No. 7 at 21 (¶ 5.9.1).

[34] Mot. – ECF No. 13 at 22–23.

[35] Opp'n – ECF No. 15 at 12–13.

ORDER – No. 25-cv-10410-LB                    14

United States District Court
Northern District of California

or custom causes a constitutional tort. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). The city cannot be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995).

To impose *Monell* entity liability under § 1983 for a violation of constitutional rights, a plaintiff must show that (1) the plaintiff possessed a constitutional right and was deprived of that right, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy was the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). A *Monell* claim can be based on any of the following theories: (1) a longstanding practice or custom, (2) the failure to adequately train, or (3) a constitutional violation committed or ratified by an official with final policy-making authority. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

The practice or custom must be more than "random acts or isolated events" and instead must be a "permanent and well-settled practice." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443–44 (9th Cir. 1988), *overruled on other grounds by Bull v. City and County of San Francisco*, 595 F.3d 964 (9th Cir. 2010) (cleaned up). A single incident of unconstitutional activity does not result in liability unless it was caused by an existing, unconstitutional municipal policy. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Also, the policy must be linked to municipal policymakers. *Id.* at 821. An act that results from a custom may subject a municipality to liability, even if a decisionmaker has not formally approved the custom, if the relevant practice is so widespread that it has the force of law. *Brown*, 520 U.S. at 404.

Here, the plaintiff's *Monell* claims fail because he has not pleaded a plausible underlying constitutional claim.[36] Even if he had, his allegations identifying a policy are conclusory, and the facts of his case only support isolated incidents of the alleged conduct not a well-settled practice.

---

[36] Mot. – ECF No. 13 at 22 (making this point).

United States District Court
Northern District of California

For the supervisory liability claim, "[a] defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (cleaned up). As with the *Monell* claim, there is no underlying constitutional violation supporting the claim. There also are no allegations about personal participation by Chief Louis. The plaintiff's allegations that Chief Louis and Doe supervisors knew or should have known about patterns of misconduct and failed to intervene are conclusory.[37] The claims are dismissed.

### 7. California Government Claims Act

The parties dispute whether the plaintiff's state-law claims are barred by the California Government Claims Act. Under the Act, a plaintiff seeking money damages against a public entity or its employees for personal injury must present a written claim to the appropriate public entity no later than six months after the accrual of the cause of action. Cal. Gov't Code § 911.2(a). Compliance with the claim-presentation requirement is mandatory and is a condition precedent to suit. *Id*. § 945.4; *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). A plaintiff may apply for leave to present a late claim under § 911.4(a), but only if the application is presented "within a reasonable time not to exceed one year after the accrual of the cause of action." *Rubenstein v. Doe No. 1*, 3 Cal. 5th 903, 906 (2017) (quoting Cal. Gov't Code § 911.4(b)).

The plaintiff presented a written claim to the City on November 26, 2025, with a late claim application and a tolling declaration and memorandum.[38] Because the accrual of the most recent cause of action was October 2024, he presented his claims past the six-month deadline for normal compliance and the one-year deadline to request leave to present a late claim. Thus, the plaintiff's state claims are barred by the California Government Claims Act. Because amendment would be

---

[37] FAC – ECF No. 7 at 22 (¶ 5.13.2–.3); Mot. – ECF No. 29–30 (making this point).

[38] Addendum A to FAC – ECF No. 7 at 32.

United States District Court
Northern District of California

futile, the court dismisses with prejudice the plaintiff's state-law claims (claims eighteen through twenty-nine).

## 8. Declaratory Relief (Claim Sixteen)

The plaintiff's claim for declaratory relief is dismissed with prejudice because declaratory relief is a form of relief not a substantive claim or cause of action. *Estate of Singh v. Wells Fargo Bank, N.A.*, No. 22-cv-01532-JSC, 2022 WL 1457968, at *6 (N.D. Cal. May 9, 2022).

## CONCLUSION

The court grants the motion. The due-process (claims four, five, six, seven, ten, eleven, fourteen, and fifteen), declaratory-relief (claim sixteen), and state-law claims (claims eighteen through twenty-nine) are dismissed with prejudice because amendment would be futile. The remaining claims are dismissed without prejudice. The plaintiff may file a supplement to the complaint by March 16, 2026, providing additional allegations supporting his Fourth Amendment, First Amendment, equal protection, and *Monell* claims.

This order resolves ECF No. 13.

**IT IS SO ORDERED.**

Dated: February 17, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California